IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA MAY BLACKWELL,**

        Petitioner,

v.                                Civil Action No. 2:08cv123
                                      (Judge Maxwell)

**WARDEN CROSS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On December 22, 2008, the petitioner, a federal prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2241. In the petition, the petitioner challenges an immigration detainer lodged against her by the United States Immigration and Customs Enforcement ("ICE"). In support of her claim, the petitioner asserts that the detainer is unlawful and prevents her from being placed in a half way house or on home confinement.

On January 7, 2009, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Accordingly, the respondent was directed to show cause why the petition should not be granted.

On February 6, 2009, the respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. In support of the motion, the respondent argues that the petitioner has failed to exhaust her administrative remedies. In addition, the respondent asserts that the Bureau of Prisons ("BOP") policy precluding halfway house placement and home confinement of inmates with detainers does not violate a constitutional right. In addition, the respondent asserts that the

petitioner cannot challenge an ICE detainer until she is in custody of ICE authorities.

Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on February 13, 2009, advising the petitioner of her right to file a response to the respondent's motion. On February 19, 2009, the petitioner filed her response. With respect to exhaustion of administrative remedies, the petitioner, in effect, argues that attempting administrative remedies would be futile because the BOP, by its own admission, does not have the authority to remove an ICE detainer. In addition, the petitioner argues that because she is in the custody of the BOP, and not ICE, this court is the only court that can grant her relief.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits, and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B. Summary Judgment

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. liberty lobby, Inc.</u>, 477 U.S. 242, 248 *1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. <u>Celotex</u> at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Electric Industrial Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. <u>Id</u>. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u> at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id</u>. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir

3

1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

### III. Analysis

#### A. Exhaustion of Administrative Remedies

In the response to the petition, the respondent argues that under the PLRA, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The respondent then cites several cases in which the Supreme Court has held that under the PLRA, Congress has mandated the proper completion of any prison administrative remedy process capable of addressing an inmate's complaint and providing some form of relief prior to filing suit in federal court. See Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 531 U.S. 956 (2001). In addition, the respondent notes that courts have applied these same principles to petitions for writ of habeas corpus. See Pelissero v,. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Wright v. Anderson, 2008 WL 583442 (S.D. W.Va. February 29, 2008).

While the undersigned does not dispute that the PLRA mandates the exhaustion of administrative remedies, or that similar principles have been applied in habeas corpus actions, the respondent's argument misses the mark. The requirements of the PLRA are applicable to civil suits in which a prisoner challenges the conditions of his confinement, not habeas proceedings challenging the execution of a sentence under 28 U.S.C. § 2241. See LaRue v. Adams, 2006 WL

1674487 *5 - *7 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).[1]

Moreover, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larue. at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it is not disputed that petitioner failed to exhaust her administrative remedies prior to filing suit in this Court. However, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B. Petitioner's Constitutional Rights**

---

[1] In LaRue, the Southern District of West Virginia noted that the purpose of the PLRA was to curtail the filing of frivolous prisoner civil rights actions. LaRue 2006 WL 1674487 at *7. In addition, the Court found it significant that Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) nearly simultaneous with the PLRA and that under the AEDPA Congress established separate procedures for addressing abusive habeas filings. Id. Moreover, the Court found that habeas actions were not typical civil actions because they involve someone's liberty, rather than claims of mere civil liability. Id. The Southern District cited several other district and circuit court cases that have also come to the conclusion that the PLRA and its exhaustion requirements are not applicable to habeas corpus proceedings. Id. (listing cases). The undersigned agrees with the reasoning of the Southern District of West Virginia and finds that a prisoner's challenge to the execution of his sentence under § 2241 is not subject to the PLRA's exhaustion requirements.

The petitioner claims that she is being deprived of her liberty, because the detainer on her is preventing her from being sent to a half way house or to home confinement to complete her sentence. However, BOP policy, Program Statement 7310.04, precludes halfway house placement for inmates with detainers which will likely lead to arrest, conviction, and confinement. (Doc. 7-3, p. 8). Courts have consistently deferred to this BOP and there is a history of upholding this rule. Michael v. Phillips, 2008 WL 2003767 (N.D.W.Va.) *Citing* McLean v. Crabtree, 173 F.3d 1176, 1886 (9th Cir. 1999) (holding that detainer exclusion is a permissible exercise of the BOP's authority); Fernandez-Colado v. I.N.S., 644 F.Supp. 741, 744 (D.Conn. 1096)("Petitioner has neither a legitimate statutory nor constitutional entitlement to those prison programs for which he may be denied access as a result of the detainer.").

Furthermore, the petitioner's due process claim is without merit because her interest in being placed in a halfway house or on home confinement is not a liberty interest entitled to procedural safeguards under the due process clause of the Fifth Amendment. A liberty interest may arise from two possible sources: the Constitution itself, and applicable law. " Hewitt v. Helms, 459 U.S. 460, 467 (1983). Prison officials are vested with broad discretionary authority over the institutions they manage and "lawfully incarcerated persons retain only a narrow range of protected liberty interests." Id. at 467. Thus, there is no "constitutional or inherent right" to parole, Greenholtz v. Nebraska Penal Inmates, 422 U.S. 1, 7 (1979), and "the Constitution itself does not guarantee good time credit for satisfactory behavior while in prison," Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Similarly, the Constitution "in and of itself" does not protect a prisoner from transfer from one institution to another, Meachum v. Fano, 427 U.S. 215, 225 (1976), or entitle a prisoner to confinement in a less restrictive environment. Hewitt, supra at 468. Therefore, nothing in the

Constitution creates a right to be placed in a halfway house.

### C. Ripeness

The Supreme Court has recognized that "[t]he ripeness doctrine is 'drawn both from Article III limitation on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (20003). "The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." Metzenbaum v. fed. Energy Regulatory Comm'n, 675 F.2d 1282, 1289-1290 (1982) (citations omitted).

The ICE detainer issued to the petitioner notified her that an investigation had been commenced to determine whether she was removable from the United States. It specifically advises prison officials that it is issued solely for notification purposes and does not "limit your discretion in any decision affecting the offender's classification, work, and quarter assignments, or other treatment which he or she would otherwise receive." (Doc. 7-3, p. 4). The detainer additionally requests only that prison officials provide ICE with advance notice of the petitioner's release so that they can assume custody of the petitioner.

The petitioner's present federal incarceration is not the result of the ICE detainer. Under 8 C.F.R. § 239.1(a), removal proceedings do not commence upon the filing of a detainer at the prison where the alien is incarcerated, but rather with the filing of a notice to appear before an Immigration Judge. The presence of an ICE detainer also does not affect the petitioner's status as a sentenced federal offender. Rather, "it merely notifies prison officials that a decision regarding his deportation will be made...as some future date. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).

A federal court may issue a writ of habeas corpus under § 2241 only if the petitioner is "in

7

custody in violation of the Constitution or law or treatises of the United States." 28 U.S.C. § 22441(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Of the courts to consider whether an ICE detainer satisfies the "in custody" requirement of § 2241, the Courts have held that an ICE detainer, without more, does not satisfy that requirement. See Hamilton v. Bureau of Immigration and Custom Enforcement, 2008 WL 2512644 *2, 1:08cv1174-TWT (N.D.Ga. June 19, 2008( (collecting cases).

Accordingly, since the mere filing of a detainer does not satisfy the "in custody" requirement, and there is no dispute that the petitioner is currently serving her federal criminal sentence and is not in actual ICE custody, her present § 2241 action is not ripe for adjudication.

## IV. Recommendation

Based on the foregoing, it is the undersigned's recommended that the respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 6) be **GRANTED** and the Petition (Doc. 1) be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to mail a copy of this Recommendation to the petitioner and counsel for the respondent.

Dated: 6-5-09

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE