**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BARBARA BLACKWELL,**

    **Petitioner,**

v.                                                                               **2:08 CV 123
(Maxwell)**

**JAMES N. CROSS,**

    **Respondent.**

# ORDER

On December 22, 2008, *pro se* Petitioner Barbara Blackwell filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.

The case was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

After conducting an initial screening and review, United States Magistrate Judge David J. Joel determined that summary dismissal was not warranted and, by Order To Show Cause entered January 7, 2009, gave the Respondent thirty days in which to file a reply to the Petitioner's § 2241 Application.

On February 6, 2009, a Response To Show Cause Order And Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment and a Memorandum in support thereof were filed by the Respondent.

On February 13, 2009, Magistrate Judge Joel issued a <u>Roseboro</u> Notice, and, consistent therewith, on February 19. 2009, the Petitioner's Reply to the Respondents

Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment was filed[1].

On June 5, 2009, Magistrate Judge Joel issued a Report And Recommendation wherein he recommended that the Respondent's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment be granted and that the Petitioner's Application for Habeas Corpus be denied with prejudice for failure to state a claim upon which relief can be granted.

In his Report And Recommendation, Magistrate Judge Joel provided the parties with ten (10) days from the date they were served with a copy of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

Thereafter, by Order entered June 16, 2009, the Court granted a Motion filed by the Respondent requesting a one-week extension of the date by which he must file objections to the Report and Recommendation and extended the time for the Respondent to file objections until June 22, 2009. The Court's review of the docket in the above-styled civil action reveals that the Respondent has not, to date, filed any objections to said Report And Recommendation. Accordingly, it would appear that this matter is now ripe for review.

Upon consideration of Magistrate Judge Joel's June 5, 2009, Report and Recommendation, and having received no written objections thereto[2], it is

---

[1] It should be noted that the Petitioner's Response was actually styled as a "Memorandum In Support Of Response To Respondent's Motion To Dismiss Or In The Alternative, Motion For Summary Judgment."

[2] The failure of a party to file an objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally,

2

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge David J. Joel on June 5, 2009 (Docket No. 11), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment (Docket No. 6) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to

---

relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER**: September   3  , 2009

                                                          **/S/ Robert E. Maxwell**
                                                        United States District Judge